## Case No. 3,710.

### DEAN v. MARSTELLER.

[2 Cranch, C. C. 121.] [1]

Circuit Court, District of Columbia. Nov. Term, 1816.

NEGOTIABLE INSTRUMENTS — LIABILITY OF INDORS-
ERS — DILIGENCE OF HOLDER.

The holder of a promissory note, in Alexandria. D. C., has no equ.ty against a remote indorser, unless he has used due diligence to recover the money from the parties who were liable to him at law upon the note.

Bill in equity. The complainant held a note made by James Wilson payable to John Tucker, chairman of a marine insurance association, and indorsed by him, by William Yeaton, and by the defendant, Marsteller, for $610.72, given by Wilson to the association to secure the repayment of that sum in case he should not, within a certain time, produce

[1] [Reported by Hon. William Cranch, Chief Judge.]

satisfactory proof of his loss on the ship Governor Strong, for which loss he claimed indemnity under a policy of insurance, and on account of which loss that sum of money had been advanced to him by the association with the assent of the defendant, but contrary to the will of the plaintiff, who, as well as the defendant, Marsteller, was a member of the association. In 1811, it had been decided, in a suit by Wilson against the association, that they were not liable for the loss. Before the note became due Wilson died insolvent; after which, and after the decision against Wilson in his action upon the policy, and after the complainant had failed in a suit against Tucker, the chairman of the association to recover the plaintiff's share of the money thus advanced to Wilson without his consent, the association, being indebted to the plaintiff and others, for the money thus advanced to Wilson, ordered this note of Wilson's, thus indorsed, and which had become payable November 1st, 1805, to be assigned to the complainant, which was done accordingly. The complainant, in his bill, after stating the foregoing facts, avers, that in consequence of the decision against Wilson in his action upon the policy, and his insolvency, the defendant, who is a remote indorser as to the complainant, (the intermediate indorsers being Tucker, the chairman of the association, and William Yeaton,) became liable to the complainant for the amount of the note, and as he cannot maintain an action at law against the complainant for the amount of the note against this defendant, his only remedy is in equity. The answer of Marsteller denies that the note had been assigned to the complainant by order of the association, and avers that it was delivered to him in violation of their rules; and that the complainant had only a claim to some distributive share of the funds of the association, but not to the amount of the note. That after the note became payable it remained some years in the possession of the association as their property. That Wilson was bound to pay it at maturity, unless he should, before that time, produce evidence of the loss, satisfactory to the association. That the association never took any compulsory measures to obtain payment from Wilson's estate, and that if they had, he (the defendant) believes that the note would have been paid; but that in consequence of their neglect the debt has been lost. The cause was set for hearing on the bill, answer, and exhibits.

Before CRANCH, Chief Judge, and MORSELL, Circuit Judge.

CRANCH, Chief Judge. It is difficult to perceive wherein the equity of this case consists. The suit is against a remote indorser, but the reason for not resorting to the intermediate indorsers is not stated. I do not perceive that it follows, that because a person has not relief at law, he must necessarily

have a remedy in equity; yet that seems to be the only ground of equity relied upon in the bill. It does not appear, from the bill, that the defendant had notice of the non-payment of the note by Wilson or his administrator, so as to become liable at law; and if not liable at law, I see no ground to charge him in equity. But if he had notice, yet he was discharged in equity by the negligence of the complainant and those under whom he claims, in not proceeding to enforce payment from Wilson's estate.

THRUSTON, Circuit Judge, absent.